**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 95-20439**
_____

**EARNEST EDWARD DACUS,**

**Petitioner-Appellee,**

**versus**

**LAWRENCE COLEMAN,**

**Respondent-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(CA-H-91-1079)**
_____

March 25, 1996

Before KING, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

At issue is the habeas relief granted Earnest Edward Dacus following remand from our court. We **REVERSE**.

I.

Dacus was convicted in 1984 for delivery of a controlled substance. An undercover police officer testified that, on June 18, 1983, she observed Dacus sell a "paper" of cocaine in a bar. The undercover officer then purchased the cocaine with a marked $50 bill and left. After the contents of the "paper" field-tested positive for cocaine, officers returned, executed a search warrant, and arrested Dacus upon his being identified by the undercover

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

officer. The marked bill was not found either on Dacus or in the bar.

Dacus' trial defense was mistaken identity. Although Dacus' attorney stated during voir dire that Dacus would call Melvin Kemp as a witness to support that theory, Dacus rested without doing so. During the charge conference, Dacus' attorney requested a 20-minute recess to allow time for Kemp to arrive to testify. The judge refused, but stated that Kemp would be allowed to testify if he was present. After closing argument, Dacus' attorney requested that the now present Kemp be allowed to testify. The judge refused.

Upon the jury finding Dacus guilty, the court suspended imposition of a six year sentence and placed Dacus on probation. Dacus discharged the probationary term in early 1994.

Subsequent to a direct appeal and seeking state habeas relief, Dacus sought federal habeas relief in 1991; summary judgment was granted against him. One claim on appeal from that judgment was that the trial judge abused his discretion by refusing to reopen the case after closing argument to allow Kemp to testify or to earlier wait for him to arrive rather than proceed to charge the jury, and that this rendered the trial fundamentally unfair. Our court found this claim procedurally barred, but remanded the case for the district court to determine whether Dacus had made a colorable showing that refusal to address the merits of this claim would result in a fundamental miscarriage of justice. *Dacus v. Coleman*, 92-2478 (5th Cir. 1994) (unpublished). The district court was directed to consider whether a confession by another person

(James Ben) and Kemp's testimony were sufficiently credible to support Dacus' claim of factual innocence, and whether not allowing Kemp to testify was error.  *Id*.

After an evidentiary hearing on remand, the magistrate judge recommended granting relief.  Over the appellant's objections, the district court accepted the recommendation.

## II.

At issue are whether Dacus has made a sufficient showing of factual innocence to satisfy the "fundamental-miscarriage-of-justice" exception to the procedural default doctrine and, if so, whether the refusal to allow Kemp to testify rendered the trial fundamentally unfair.[1]  We review the district court's findings of fact only for clear error; its conclusions of law and mixed questions of law and fact are reviewed *de novo*.  **Boyd v. Scott**, 45 F.3d 876, 879 (5th Cir. 1994), *cert. denied*, __ U.S. __, 115 S. Ct. 1964 (1995).

## A.

The Supreme Court has explained that when a habeas petitioner demonstrates that the constitutional error at issue has probably resulted in the conviction of one who is actually innocent, then failure to consider the procedurally defaulted habeas claim would

---

[1]    Appellant contends also that the district court abused its discretion by refusing to rule on whether the Harris County Attorney or the Texas Attorney General was responsible under Texas law for representing appellant.  But, the issue was not preserved for review, because the Attorney General failed to appeal to the district court the magistrate judge's denial of his motion to withdraw.  *See, e.g.,* **United States v. Renfro**, 620 F.2d 497 (5th Cir.), *cert. denied*, 449 U.S. 921 (1980).

result in a fundamental miscarriage of justice.  *See* **Sawyer v. Whitley**, 945 F.2d 812, 816 (5th Cir. 1991) (discussing Supreme Court's explanation of actual innocence exception in **Murray v. Carrier**, 477 U.S. 478 (1986)), *affirmed,* 505 U.S. 333 (1992).  In this respect, our court directed the district court to consider whether Ben's confession and Kemp's testimony were sufficiently credible to support Dacus' claim of factual innocence.

As noted, the findings on factual innocence are entitled to stand unless clearly erroneous.  *See* **Saahir v. Collins**, 956 F.2d 115, 120 (5th Cir. 1992) (applying clearly erroneous standard of review to district court's finding on factual innocence).  The district court accepted the magistrate judge's recommendation, which included credibility findings regarding Ben and Kemp's post-remand testimony.  Although the district court did not make an explicit finding as to Dacus' showing of factual innocence, this finding is implicit.  The undercover officer did not testify at the post-remand hearing; Ben testified that he was misled by his attorney (who represented both Dacus and Ben) into signing a confession, which he did not possess the ability to read, but the magistrate judge found his testimony lacked credibility; and Kemp testified that it was Ben who was selling cocaine on the day in issue, and the magistrate judge found this testimony credible.  These credibility determinations are not clearly erroneous.  Therefore, we consider the merits of Dacus' claim.

Dacus contends that his trial was rendered fundamentally unfair by the judge's refusal to reopen the case or to earlier delay to await Kemp. This legal question is subject to *de novo* review.

Needless to say, "the writ of habeas corpus is not granted to correct every error committed by a trial court". **Kirkpatrick v. Blackburn**, 777 F.2d 272, 278 (5th Cir. 1985), *cert. denied*, 476 U.S. 1178 (1986). Dacus must demonstrate that the error violated his right to due process secured by the Fourteenth Amendment, but "due process is violated only if the court's action denies a defendant a fundamentally fair trial". **Id**.

Dacus asserts that the trial court's rulings concerning Kemp's testimony rendered his trial fundamentally unfair by denying him the benefit of testimony that would have "bolstered and reaffirmed [his] testimony given at trial that [Dacus] did not sell drugs to the undercover officer". The substance of the contention is essentially that the judge's actions operated to erroneously exclude Kemp's testimony. "Erroneous exclusion of evidence is fundamentally unfair if the evidence was material in the sense that it was crucial, critical, and highly significant." **Porretto v. Stalder**, 834 F.2d 461, 465 (5th Cir. 1987).

We can be concerned only with the testimony that Kemp *would have given at trial* had he been given the opportunity to testify. We conclude, based on the district court's factual findings, that Kemp would not have testified that Ben committed the crime rather

- 5 -

than Dacus and, therefore, the testimony would have been merely cumulative to Dacus' testimony that he was not the seller.

The magistrate judge found that Kemp did not observe the sale to the undercover officer, and would have testified that he never saw Dacus selling drugs that day, but that Kemp "didn't want to finger his friend, James Ben". In fact, the magistrate judge found that Kemp believed that his friendship with Ben motivated him to be late to the trial. These findings were accepted by the district court. Based on these findings, we conclude that, at most, all Kemp would have added, had he testified, would have been testimony, cumulative to Dacus', that he did not believe Dacus was selling drugs on the day in issue.

The testimony was not the type of crucial, critical, and highly significant evidence, the erroneous exclusion of which could violate due process. "Thus any error inherent in withholding this evidence from the jury ... did not violate due process minimums." *Billiot v. Maggio*, 694 F.2d 98, 101 (5th Cir. 1982).

### III.

For the foregoing reasons, the grant of habeas relief is

**REVERSED.**